priate considerations include ... voluntary termination or withdrawal from criminal conduct or associations." *Id.* § 3E1.1 application note 1(a). We believe that the district court acted well within its discretion in concluding that appellant's continuing use of cocaine cast doubt on the sincerity of his avowed acceptance of responsibility.[26] While a defendant's continued use of narcotics does not preclude an adjustment for acceptance of responsibility, it is one indicia that the sentencing judge may consider in assessing whether the adjustment is appropriate. We therefore conclude that the district court did not err in denying appellant a sentence reduction under guideline 3E1.1(a).

### IV.

We conclude that the district court properly interpreted and applied the guidelines to the facts of appellant's offense. Accordingly, we affirm.

AFFIRMED.

Pomerance, Roger M. Olsen, David M. Moore, Gary R. Allen, Chief, Appellate Section, Tax Div., Dept. of Justice, Washington, D.C., for respondent-appellee.

Before FAY and CLARK, Circuit Judges, and HENDERSON, Senior Circuit Judge.

PER CURIAM:

This is an appeal from a decision of the United States Tax Court (Docket No. 8467–82, Entered March 6, 1986), disallowing income tax deductions for payments by Petitioners–Appellants to the Church of Scientology. The decision of the Tax Court is affirmed on the basis of the decision in *Hernandez v. Commissioner of Internal Revenue,* by the Supreme Court, —— U.S. ——, 109 S.Ct. 2136, 104 L.Ed.2d 766.

AFFIRMED.

---

**Keith F. and Haru S. FULLER, Petitioners–Appellants,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent–Appellee.**

No. 86–3178.

United States Court of Appeals, Eleventh Circuit.

Aug. 18, 1989.

Eric M. Lieberman, Rabinowitz, Boudin, Standard, Krinsky & Lieberman, P.C., New York City, for petitioners-appellants.

Jean Owens, Acting Chief Counsel, I.R.S., Michael L. Paup, Chief, Robert S.